UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JASON ACOSTA,

        Plaintiff,

    v.

APEX INVESTIGATIVE SERVICES, INC., a California Corporation,

        Defendant[*].

No. 2:14-cv-00399-GEB-EFB

**STATUS (PRETRIAL SCHEDULING) ORDER**

        The status (pretrial scheduling) conference scheduled for hearing on May 12, 2014, is vacated since the parties' Joint Status Report filed on April 28, 2014 ("JSR") indicates the following Order should issue.

DISMISSAL OF DOE DEFENDANTS

        Since Plaintiff has not justified Doe defendants remaining in this action, Does 1-100 are dismissed. See Order Setting Status (Pretrial Scheduling) Conference filed February 6, 2014, at 2 n.2 (indicating that if justification for "Doe" defendant allegations not provided Doe defendants would be dismissed).

---

[*]    The caption has been amended according to the Dismissal of Doe Defendants portion of this Order.

1

<u>SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court for good cause shown.

<u>DISCOVERY</u>

All discovery shall be completed by May 13, 2015. "Completed" means all discovery shall be conducted so that any dispute relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with on or before the prescribed "completion" date.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before January 13, 2015, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before February 13, 2015.

<u>MOTION HEARING SCHEDULE</u>

The last hearing date for a motion is July 13, 2015, commencing at 9:00 a.m. A motion shall be briefed as prescribed in Local Rule 230.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.

<u>FINAL PRETRIAL CONFERENCE</u>

The final pretrial conference is set for September 14, 2015, at 2:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing

1  themselves and appearing in propria persona must attend the
2  pretrial conference.

3       The parties shall file a JOINT pretrial statement no
4  later than seven (7) calendar days prior to the final pretrial
5  conference. The joint pretrial statement shall address the
6  applicable portions of Local Rule 281(b), and shall set forth
7  each theory of liability ("claim") and affirmative defense which
8  remains to be tried, and the ultimate facts on which each
9  theory/defense is based. Furthermore, each party shall estimate
10 the length of trial. The Court uses the parties' joint pretrial
11 statement to prepare its final pretrial order and could issue the
12 final pretrial order without holding the scheduled final pretrial
13 conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir.
14 1999) ("There is no requirement that the court hold a pretrial
15 conference.").

16      Final pretrial procedures are "critical for 'promoting
17 efficiency and conserving judicial resources by identifying the
18 real issues prior to trial, thereby saving time and expense for
19 everyone.'" Friedman & Friedman, Ltd. v. Tim McCandless, Inc.,
20 606 F.3d 494 (8th Cir. 2010) (quoting Fed. R. Civ. P. 16 Advisory
21 Committee Note (1983 Amendment to subdivision (c)). "Toward that
22 end, Rule 16 directs courts to use pretrial conferences to weed
23 out unmeritorious claims and defenses before trial begins." Smith
24 v. Gulf Oil Co., 995 F.2d 638, 642 (6th Cir. 1993). The parties
25 are therefore provided notice that a claim or affirmative defense
26 may be dismissed sua sponte if it is not shown to be triable in
27 the joint final pretrial statement. Cf. Portland Retail Druggists
28 Ass'n v. Kaiser Found. Health Plan, 662 F.2d 641, 645 (9th Cir.

1  1981) (indicating that a party shall be provided notice and an

2  opportunity to respond with facts sufficient to justify having a

3  claim or affirmative defense proceed to trial); Portsmouth

4  Square, Inc. v. S'holders Protective Comm., 770 F.2d 866, 869

5  (9th Cir. 1985) (stating "the district court has . . . authority

6  to grant summary judgment *sua sponte* in the context of a final

7  pretrial conference").

8        If feasible, at the time of filing the joint pretrial

9  statement counsel shall also email it in a format compatible with

10  WordPerfect to: geborders@caed.uscourts.gov.

11                          TRIAL SETTING

12        Trial shall commence at 9:00 a.m. on December 1, 2015.

13        IT IS SO ORDERED.

14  Dated:  May 1, 2014

15

16

17                                  _____
                                    GARLAND E. BURRELL, JR.
18                                  Senior United States District Judge

19

20

21

22

23

24

25

26

27

28

                                    4